## TIEDEMANN v McGRATH et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10226. Decided October 21, 1929

Mr. O. D. Eshelman, Cleveland, for Tiedemann.

Mr. H. J. Turney, Cleveland, for McGrath et.

**SULLIVAN, J.**

Of course there are two questions to consider here. One is whether the answer shows a valid defense, and the other is whether there is a record which brings into requisition **Section 7** of **11631 GC.,** cited above.

In other words, was the judgment rendered because of unavoidable casualty or misfortune and were these causes of such a nature as prevented the party from prosecuting or defending?

We find an absence in the record that conforms to the authorities in defining the meaning of Section 7, with respect to what is unavoidable casualty or misfortune which prevents the party from prosecuting or defending. We find nothing in the record to support this claim, and certainly under the authorities, forms the basis for there is nothing in the answer which, compliance with the statute before the vacation of a judgment can be ordered when it was rendered at an antecedent term of court.

We find in **Proctor vs. Proctor, 22 C. C. (N. S.) 145, 4th Ap. 245,** the law laid down that unavoidable casualty or misfortune refers only to things preventing prosecution or defending, and not for those things preventing attendance at the trial in person, especially where it appears, as it does in the case at bar, that opportunities innumerable were afforded the defendant in question for defending.

Therefore, upon the question as to statutory cause for the vacation of the judgment, we find the action of the court unfounded in the record.

Now we come to the question as to whether there is a valid defense, because if there is a statutory cause for the vacation it is still necessary, before there can be a vacation of the judgment, to ascertain upon proper hearing or showing that a meritorious defense is pled, but if there is no statutory ground, then the court is without authority to consider the question of valid defense because it must rest upon a statutory ground and if that is lacking then the meritorious defense has no foundation in law under the authorities.

In every motion to vacate a judgment after term, there are two things to consider. One is the duty of the court in ascertaining whether the petition is founded upon a statutory ground, and the other is whether there is a meritorious defense, and, generally speaking, these two issues are to be heard and determined by the the court, providing it is necessary to determine whether the motion is well taken, and, as before stated, the statutory ground is the superstructure of the petition to vacate because it is only under that legislative act that the privilege and right rests.

Thus holding, the judgment of the lower court is hereby reversed on the ground that the action of the court in vacating the judgment was, in our judgment, contrary to law and to the record in the case.

Vickery, P. J. and Levine, J., concur.